IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| INTERNATIONAL DATA PRODUCTS CORP., Plaintiff, | |
| v. | No. 03-2515C (Judge Braden) |
| THE UNITED STATES, Defendant. | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. The allegations contained in paragraph 3 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that Paul E. Slemons is a Termination Contracting Officer for the Defense Contract Management Agency, not the Department of the Air Force.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegations contained in paragraph 5 to the extent supported by the

cited contract, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 5.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. The allegations contained in the first sentence of paragraph 7 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 7 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 7.

8. Admits the allegations contained in the first and second sentences of paragraph 8 to the extent supported by the cited waiver request, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 8.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the cited denial and appeal, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 10. Admits the allegations contained in the second sentence of paragraph 10 to the extent supported by the cited decision, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 10. Denies the allegations contained in the third sentence of paragraph 10 for lack of knowledge or information sufficient to form a

belief as to their truth. The allegations contained in the fourth sentence of paragraph 10 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations fact, they are denied.

11. Admits that on October 8, 1999, the Department of the Air Force issued two notices of termination of IDP's DTV contract; denies any remaining allegations contained in the first sentence of paragraph 11, including the implication that the two notices did not terminate the IDP DTV contract. Admits the allegations contained in the second and third sentences of paragraph 11 to the extent supported by the termination notices cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 11. The allegations contained in the fourth sentence of paragraph 11 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegation of fact, they are denied. The allegations contained in the fifth sentence of paragraph 11 are denied.

12. Admits the allegations contained in the first sentence of paragraph 12. Denies the allegations contained in the second sentence of paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13. Admits the allegations contained in the second sentence of paragraph 13 to the extent supported by the cited claim, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the cited decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Defendant incorporates its responses to paragraph 1-14 above.

16. The allegations contained in the first, second, third, and fourth sentences of paragraph 16 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 16, or to any relief whatsoever.

18. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSE

19. Plaintiff's claim is barred by the doctrine of payment.

WHEREFORE, defendant requests that the complaint be dismissed and that the defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Deborah A. Bynum by Robert E. Kirschman

DEBORAH A. BYNUM
Assistant Director

/s John H. Williamson

E. MICHAEL CHIAPARAS
Deputy Director
Contract Disputes Resolution
Center
Defense Contract Management
Agency
10500 Battleview Parkway,
Suite 105
Manassas, VA 20109
Tele: (703) 330-3202 x388

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972
E-mail: john.williamson@usdoj.gov

December 29, 2003

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 29th day of December, 2003, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s John H. Williamson