IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| INTERNATIONAL DATA PRODUCTS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 03-2515C<br>(Judge Braden) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to section III of Appendix A, Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully report as follows:

**a. Jurisdiction**

Plaintiff International Data Products Corp. ("IDP") asserts jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq. At this time, the United States knows of no reason to question the Court's jurisdiction.

**b. Consolidation**

The parties believe that this action should be consolidated with an earlier-filed action involving the same parties that is pending before Judge George W. Miller, International Data Products Corp. v. United States, No. 01-459 ("IDP 1"). On December 8, 2003, plaintiff filed in this action a notice informing the Court that IDP 1 was related to this action. IDP 1 is directly related to this action within the meaning of RCFC 40.2(a)(1)(B), because both actions involve the same contract, F01620-97-D-0001, known as "Desktop V."

Because both IDP 1 and this action involve claims arising from the Desktop V contract, assignment of both actions to a single judge, and consolidation of the actions in a single action, is likely to conserve judicial resources, and promote an efficient determination of the actions, within the meaning of RCFC 40.2(a)(4). Accordingly, pursuant to RCFC 40.1(b) and 42.1, the parties have filed with this report a joint motion to transfer this action to

Judge George W. Williams, before whom the earlier-filed IDP 1 is now pending, so that this action may be considered for consolidation with IDP 1.

**c. Bifurcation**

The parties are not aware of any reason why trial of liability and damages should be bifurcated.

**d. Deferral**

Other than as addressed above in section "b.," the parties do not believe that further proceedings in this action should be delayed pending consideration of another case before this Court.

**e. Remand/Suspension**

The parties do not intend to request remand or suspension.

**f. Joinder of Additional Parties**

At this time, neither party intends to join additional parties.

**g. Motions Pursuant to RCFC 12(b), 12(c) or 56**

No motions pursuant to RCFC 12(b), 12(c) or 56 have been filed. The parties, however, believe that this action presents legal issues regarding the effect of a termination for convenience upon an IDIQ contract that are well-suited to resolution upon summary judgment. Both parties expect that they will file motions for summary judgment following the close of discovery on liability issues concerning issues "1." and "3." identified below in section "h."

**h. Relevant Issues**

The factual background and procedural history of the two actions is set forth in the parties' joint motion to transfer this action to Judge George W. Miller, filed herewith. The principal issues in this case are:

1. Whether defendant is liable to plaintiff for any termination costs as a result of defendant terminating for convenience the Desktop V contract?

2. If defendant is liable, what is the measure of any termination costs that are allowable?

3. Was plaintiff required to perform continued warranty and software upgrade services after the Desktop V contract was terminated?

**i. Settlement**

At this time, the parties have been unable to reach any settlement. Although neither party has ruled out the possibility of settlement, the parties have no immediate plans for any further settlement discussions. The parties may consider settling some or all of the claims as this litigation progresses.

**j. Trial**

The parties anticipate that the case will proceed to trial if dispositive motions are not sustained. Neither party requests an expedited trial schedule.

**k. Electronic Case Management**

The parties do not believe that there are special issues regarding electronic case management needs.

**l. Additional Issues**

The parties are unaware of any additional information that the Court should be aware of at this time.

**m. Proposed Discovery Plan**

Pursuant to RCFC Appendix A, ¶ 5, the parties propose the following schedule for liability discovery and summary judgment briefing, and request that the Court defer damages and expert discovery until after resolution of summary judgment briefing:

1. Exchange RCFC 26(a)(1) initial disclosures: March 24, 2004
2. Amend pleadings: April 21, 2004
3. Complete liability discovery: June 30, 2004

| | | |
|---|---|---|
| 4. | Defendant files summary judgment motion: | July 21, 2004 |
| 5. | Plaintiff files cross-motion and brief in opposition: | August 18, 2004 |
| 6. | Defendant files brief in opposition and reply: | September 15, 2004 |
| 7. | Plaintiff files reply: | September 29, 2004 |

The parties propose that, without leave of Court or written stipulation, a party may serve upon any other party up to 30 interrogatories, including all discrete subparts, pursuant to RCFC 33.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Deborah A. Bynum
by Kathryn A. Bleecker

DEBORAH A. BYNUM
Assistant Director

/s John H. Williamson

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

/s Edward J. Tolchin

EDWARD J. TOLCHIN
Fettmann, Tolchin & Majors P.C.
10509 Judicial Drive
Suite 300
Fairfax, VA 22030-7501
703-385-9500
703-385-9893 (facsimile)

Attorney for Plaintiff

February 18, 2004

OF COUNSEL:

E. MICHAEL CHIAPARAS
Deputy Director
Contract Disputes Resolution Center
Defense Contract Management Agency
10500 Battlefield Parkway, Suite 105
Manassas, VA 20109

Attorneys for Defendant

February 18, 2004

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 19th day of February, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s John H. Williamson